IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-63-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FREDERICK MAURICE PERRY | ) | |

This matter is before the Court on defendant's motion requesting early termination of his term of supervised release. The government has responded, and the matter is ripe for ruling.

Defendant was sentenced in the Western District of Virginia to a term of 105 months' imprisonment and five years of supervised release following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846. [DE 1-2]. Defendant's term of imprisonment was subsequently reduced to eighty-seven months. [DE 2-1]. Defendant was released from imprisonment on April 4, 2014, and his supervision and jurisdiction over this matter were transferred to this district on October 3, 2014. [DE 1]. Defendant filed a letter requesting early termination of his term of supervised release on September 25, 2017. [DE 4]. Defendant argues that he has complied with all of the terms of his supervision without incident, that he has secured gainful employment, that he has started his own business, that he has rejoined society as a positive and productive member, and that he has had no negative contact with law enforcement. The government opposes the request for early termination. [DE 10].

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

Although the Court recognizes that mere compliance with the terms of supervised release is insufficient to warrant early termination, *see Folks v. United States*, 733 F. Supp.2d 649, 652 (M.D.N.C. 2010) (collecting cases), after considering the requisite factors in § 3553(a), the Court finds that early termination is warranted in this instance. Defendant's conduct since his release, including starting his own business, maintaining steady employment, refraining from further criminal conduct, and satisfying his financial obligations, demonstrates that the goals of supervised release have been satisfied. Defendant has completed four years of supervised release without incident, and the Court has determined that further supervision would not be in the interest of justice. The motion for early termination [DE 4] is therefore GRANTED.

SO ORDERED, this __10__ day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE